*E-Filed 2/22/11*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

DANIEL RODRIGUEZ,

    Plaintiff,

    v.

J. AGUIRRE,

    Defendant.

No. C 10-04036 RS (PR)

**ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND**

This is a federal civil rights action filed by a *pro se* former state prisoner pursuant to 42 U.S.C. § 1983 against employees of the San Francisco County Jail. The original complaint was dismissed with leave to amend. The Court now reviews the first amended complaint pursuant to 28 U.S.C. § 1915A(a).

**DISCUSSION**

**A.    Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may

be granted or seek monetary relief from a defendant who is immune from such relief. *See id*. § 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting Twombly, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.   Legal Claims**

Plaintiff's original complaint alleged that on November 3, 2010, San Francisco Sheriff's Deputy J. Aguirre and three other deputies beat and raped him while he was in custody in the jail, in violation of the Eighth Amendment. On initial review, plaintiff's claim against J. Aguirre was, when liberally construed, determined to be cognizable under § 1983. The original complaint was dismissed with leave to amend because plaintiff did not provide the names of the other three deputies.

The first amended complaint, however, does not contain any factual matter to state a claim for relief. Plaintiff failed to reallege the specific facts that give rise to his claims, saying without elaboration that Aguirre and the other deputies "violated my [c]onstitutional rights." This is insufficient. Plaintiff appears to rely on the facts as alleged in the original complaint, though he was told in no uncertain terms that an amended complaint entirely

replaces the original complaint and that he must reallege all claims against all defendants. Accordingly, the first amended complaint is DISMISSED WITH LEAVE TO AMEND. Within 30 days from the date this order is filed, plaintiff shall file a second amended complaint in which he realleges the specific facts against J. Aguirre — details of the acts taken, and the place of his employment — that if true would entitle him to relief under § 1983. **Plaintiff must not rely in any way on the Court's knowledge of anything contained in the original or first amended complaint.** As to the unnamed defendants, plaintiff need not provide the names of the deputies, but he must name them as John Doe defendants, and, most importantly, he must allege specific facts as to each defendant so that such persons are distinguishable from each other and are not simply "the other deputies."

The second amended complaint must include the caption and civil case number used in this order (10-4036 RS (PR)) and the words SECOND AMENDED COMPLAINT on the first page. To repeat, because an amended complaint completely replaces the previous complaints, plaintiff must include in his second amended complaint all the claims he wishes to present and all of the defendants he wishes to sue. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff may not incorporate material from the prior complaint by reference, or assume that the facts alleged in previous filings are known to the Court when reviewing the new complaint. **Failure to file an amended complaint consistent with the instructions provided herein within 30 days from the date this order is filed will result in, without further notice to plaintiff, dismissal of the action without leave to amend, entry of judgment in favor of defendants, and closure of the action.**

//
//
//
//
//

It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He must comply with the Court's orders in a timely fashion or ask for an extension of time to do so. Failure to comply may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED**.

DATED: February 22, 2011

RICHARD SEEBORG
United States District Judge