1

2

3                                                    *E-Filed 6/16/11*

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                       NORTHERN DISTRICT OF CALIFORNIA

10                           SAN FRANCISCO DIVISION

11

12   DANIEL RODRIGUEZ,                    No. C 10-4036 RS (PR)

13            Plaintiff,                  **ORDER OF SERVICE;**

14        v.                             **DIRECTING DEFENDANTS TO FILE
                                         DISPOSITIVE MOTION OR NOTICE**
15   J. AGUIRRE, et al.,                 **REGARDING SUCH MOTION;**

16            Defendants.                **INSTRUCTIONS TO CLERK**
     _____/

17

18        This is a federal civil rights action filed by a *pro se* state prisoner pursuant to 42

19   U.S.C. § 1983 against employees of the San Francisco County Jail.  The original and first

20   amended complaints were dismissed with leave to amend.  The Court now reviews the

21   second amended complaint (Docket Nos. 8 & 9) pursuant to 28 U.S.C. § 1915A(a).

22                                   **DISCUSSION**

23   **A.    Standard of Review**

24        A federal court must conduct a preliminary screening in any case in which a prisoner

25   seeks redress from a governmental entity or officer or employee of a governmental entity.

26   *See* 28 U.S.C. § 1915A(a).  In its review, the Court must identify any cognizable claims and

27   dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may

28

be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Legal Claims**

        Plaintiff alleges that in the San Francisco County Jail on November 3, 2010 (1) defendant J. Aguirre, a deputy sheriff, (2) a "Spanish" deputy, and (3) two "Philipino" deputies used excessive force on him in violation of the Eighth Amendment. Liberally construed, plaintiff's claims are cognizable under § 1983.

## CONCLUSION

        For the foregoing reasons, the Court orders as follows:

        1.      The Clerk of the Court shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the complaint in this matter, all attachments thereto, and a copy of this order upon J. Aguirre at the San Francisco County Jail. The Clerk shall also mail courtesy copies of the complaint and this order to the California Attorney General's Office.

United States District Court
For the Northern District of California

2. No later than ninety (90) days from the date of this order, defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the complaint found to be cognizable above.

a. If defendants elect to file a motion to dismiss on the grounds plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendants shall do so in an unenumerated Rule 12(b) motion pursuant to *Wyatt v. Terhune*, 315 F.3d 1108, 1119–20 (9th Cir. 2003), cert. denied *Alameida v. Terhune*, 540 U.S. 810 (2003).

b. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

3. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on defendants no later than forty-five (45) days from the date defendants' motion is filed.

a. In the event the defendants file an unenumerated motion to dismiss under Rule 12(b), plaintiff is hereby cautioned as follows:

The defendants have made a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, on the ground you have not exhausted your administrative remedies. The motion will, if granted, result in the dismissal of your case. When a party you are suing makes a motion to dismiss for failure to exhaust, and that motion is properly supported by declarations (or other sworn testimony) and/or documents, you may not simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or documents, that contradict the facts shown in the defendant's declarations and documents and show that you have in fact exhausted your

United States District Court
For the Northern District of California

1 claims.  If you do not submit your own evidence in opposition, the motion to dismiss, if

2 appropriate, may be granted and the case dismissed.

3        b.     In the event defendants file a motion for summary judgment,

4 the Ninth Circuit has held that the following notice should be given to plaintiffs:

5        The defendants have made a motion for summary judgment by which they seek

6 to have your case dismissed.  A motion for summary judgment under Rule 56 of the Federal

7 Rules of Civil Procedure will, if granted, end your case.

8        Rule 56 tells you what you must do in order to oppose a motion for summary

9 judgment.  Generally, summary judgment must be granted when there is no genuine issue of

10 material fact — that is, if there is no real dispute about any fact that would affect the result

11 of your case, the party who asked for summary judgment is entitled to judgment as a matter

12 of law, which will end your case.  When a party you are suing makes a motion for summary

13 judgment that is properly supported by declarations (or other sworn testimony), you cannot

14 simply rely on what your complaint says.  Instead, you must set out specific facts in

15 declarations, depositions, answers to interrogatories, or authenticated documents, as provided

16 in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents

17 and show that there is a genuine issue of material fact for trial.  If you do not submit your

18 own evidence in opposition, summary judgment, if appropriate, may be entered against you.

19 If summary judgment is granted in favor of defendants, your case will be dismissed and there

20 will be no trial.  *See Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  Plaintiff

21 is advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v.*

22 *Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward

23 with evidence showing triable issues of material fact on every essential element of his claim).

24 Plaintiff is cautioned that failure to file an opposition to defendants' motion for summary

25 judgment may be deemed to be a consent by plaintiff to the granting of the motion, and

26 granting of judgment against plaintiff without a trial.  *See Ghazali v. Moran*, 46 F.3d 52,

27 53-54 (9th Cir. 1995) (per curiam); *Brydges v. Lewis*, 18 F.3d 651, 653 (9th Cir. 1994).

28

No. C 10-4036 RS (PR)
ORDER OF SERVICE

4

4.      Defendants shall file a reply brief no later than fifteen (15) days after plaintiff's opposition is filed.

5.      The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the Court so orders at a later date.

6.      All communications by the plaintiff with the Court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

7.      Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

8.      It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

9.      Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

**IT IS SO ORDERED**.

DATED:  June 16, 2011

RICHARD SEEBORG
United States District Judge

United States District Court
For the Northern District of California

No. C 10-4036 RS (PR)
ORDER OF SERVICE

5